UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARIO MARTINE SIMS,

                Plaintiff,

v.                                               Case No. 21-cv-210-pp

SGT. GERNETZKE, SGT. ROEBER,
R. HEPP, and M. SCHOMISCH,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

      Mario Martine Sims, who is incarcerated at Fox Lake Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On February 22, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $2.96. Dkt. No. 5. The plaintiff paid that fee on March 4, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on October 16, 2018, when he was performing his work duties at Fox Lake Correctional Institution, his friend passed him a note. Dkt. No. 1 at 2. Defendant Sgt. Gernetzke allegedly saw the transaction and told the plaintiff to report to her workstation. Id. The plaintiff states that Gernetzke told him to give her what he had but the plaintiff put the note in his mouth and started chewing it. Id. He says that as he tried to swallow the note, defendant Sgt. Roeber placed him in restraints. Id. Gernetzke then allegedly grabbed the plaintiff by the front of his neck, choking him, while Roeber firmly gripped the back of his neck. Id. The plaintiff alleges that Roeber started yelling at Gernetzke to let the plaintiff go because the plaintiff could not breathe. Id. He says that Gernetzke complied after a few demands. Id. The plaintiff states that he was then placed in segregation "with a fractured and scratched neck." Id. at 3.

The plaintiff seeks compensatory damages from Gernetzke and Roeber for assault and battery, excessive force and trauma. Id. He seek damages for neglect from defendants R. Hepp and M. Schomisch. Id.

3

C.  <u>Analysis</u>

Individual liability under 42 U.S.C. §1983 requires a defendant's personal involvement in the alleged constitutional violation. <u>See</u> <u>Perez v. Fenoglio</u>, 792 F.3d 768, 781 (7th Cir. 2015); <u>Palmer v. Marion Cty.</u>, 327 F.3d 588, 594 (7th Cir. 2003). The plaintiff did not make any allegations against defendants R. Hepp and M. Schomisch. He does not explain who these defendants are or what they did (or did not do) to violate his rights. The court will not allow the plaintiff proceed against these two defendants and will dismiss them.

To state a claim for excessive use of force under the Eighth Amendment, a plaintiff must allege that a defendant applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992); <u>Rice ex rel. Rice v. Corr. Med. Servs.</u>, 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force and the extent of injuries caused by the force. <u>Whitley v. Albers</u>, 475 U.S. 312, 321 (1986); <u>Rice</u>, 675 F.3d at 668. A "prisoner need not show a 'significant injury' in order to have a good claim under the [E]ighth [A]mendment, if a guard inflicted pain maliciously or sadistically." <u>Guitron v. Paul</u>, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing <u>Hudson</u>, 503 U.S. at 7). Construed liberally, the plaintiff's allegations state an Eighth Amendment excessive force claim against defendants Gernetzke and Roeber and the court will allow the plaintiff to proceed against those two defendants under the Eighth Amendment.

4

In Wisconsin, a battery, or assault and battery, is a common law tort, defined as an intentional contact with another that is unpermitted. Estate of Thurman v. City of Milwaukee, 197 F. Supp. 2d 1141, 1151-52 (E.D. Wis. 2002) (citing McCluskey v. Steinhorst, 45 Wis. 2d 350, 357 (1970)). At this early stage, the court will exercise its supplemental jurisdiction under 28 U.S.C. §1367(a) and will allow the plaintiff to proceed on a state law claim of assault and battery against Gernetzke and Roeber.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants R. Hepp and M. Schomisch.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Sgt. Gernetzke and Sgt. Roeber. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the Warden of Fox Lake Correctional Institution or his or her designee must collect from his institution trust account the **$347.04** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must

forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Warden at Fox Lake Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are in custody at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are in custody at all other prison facilities must send the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 20th day of July, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**